UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INA NA,

           Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

           Defendants.

Case No. 26-cv-04467-TSH

**ORDER DENYING WITHOUT
PREJUDICE ADMINISTRATIVE
MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 16

## I.    INTRODUCTION

Plaintiff Ina Na filed this case on May 13, 2026, requesting the Court issue a writ of mandamus to compel the United States Citizenship and Immigration Services to adjudicate her Request for Renewal of Form I-821D, Consideration of Deferred Action for Childhood Arrivals, and Form I-765, Application for Employment Authorization.  ECF No. 1.  On June 14, 2026, Plaintiff filed a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), stating the relief sought in this action has been obtained.  ECF No. 15.  That same day, Plaintiff also filed a motion to seal the entire case because "[t]he filings in this case contain sensitive personal immigration information, including information concerning Plaintiff's immigration history and immigration benefits."  ECF No. 16.  For the reasons stated below, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## II.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); Civ. L.R. 79-5(a) ("The public has a right of access to the Court's

United States District Court
Northern District of California

files.").  In evaluating a request to seal, courts consider the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).  Courts generally apply a "compelling reasons" standard when considering motions to seal documents, which "derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Under this standard, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard.  Under this rule, a request to seal cannot be established by stating in general terms that the material is confidential; instead, a request must be supported by demonstrating with particularity the need to file each document under seal.  *See* Civil L.R. 79-5(c).

## III.    DISCUSSION

The Court recognizes that immigration records may contain sensitive personal information.  However, the public has a presumptive right of access to judicial records and proceedings, and Plaintiff must therefore provide a particularized showing supporting the requested relief.  Plaintiff's motion does not identify specific documents or portions of documents that warrant sealing.  Nor does Plaintiff explain why sealing the entire case, rather than employing narrower measures such as redaction or sealing particular documents, is necessary.  Plaintiff's generalized assertion that the filings contain information regarding Plaintiff's immigration history and immigration benefits is insufficient, standing alone, to justify sealing the entire action.

Moreover, immigration cases already receive significant privacy protections.  Under Federal Rule of Civil Procedure 5.2(c) and Civil Local Rule 5-1(c)(5)(B)(i), electronic access to filings in immigration matters such as this one is restricted.  As a result, although the docket remains publicly accessible, most filings are not available through remote electronic access to the general public and may be viewed electronically only by case participants.  Plaintiff has not explained why these existing protections are inadequate to address the concerns identified in the

motion.

If Plaintiff believes that particular documents contain information that warrants protection from public disclosure, Plaintiff may file a renewed motion to seal that specifically identifies the documents or portions thereof that should be sealed and explains why sealing is justified under the applicable legal standard.  Any renewed motion must comply with Civil Local Rule 79-5. Alternatively, if Plaintiff seeks to seal the entire case, Plaintiff must make a substantially greater showing demonstrating why the extraordinary remedy of sealing the entire action is necessary and why less restrictive alternatives would be inadequate.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion to seal is **DENIED WITHOUT PREJUDICE**.  Plaintiff may file a renewed motion under Civil Local Rule 79-5 that either (a) identifies the specific documents or portions thereof that should be sealed and explains why sealing is justified or (b) demonstrates why sealing the entire action is necessary and why less restrictive alternatives would be inadequate.

**IT IS SO ORDERED.**

Dated: June 15, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3